# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| **WILLIAM BOGGS**, | |
| Plaintiff, | Case No. 7:10CV00516 |
| v. | **OPINION** |
| | By: James P. Jones |
| **UNITED STATES OF AMERICA,** | United States District Judge |
| Defendant. | |

*William Boggs, Pro Se Plaintiff.*

Plaintiff William Boggs, a federal inmate, brings this civil action, styled as a "Petition in the Nature of a Motion to [D]ismiss for Lack of [J]urisdiction." He claims that the court should order his release from the criminal sentence he is currently serving. The court has jurisdiction under 28 U.S.C.A. § 1361 (West 2006) to compel an officer or employee of the United States or any agency to perform a duty owed to the plaintiff. Accordingly, I construe Boggs' submission as a Petition for a Writ of Mandamus pursuant to § 1361. Upon review of Boggs' allegations, however, I am of the opinion that his petition must be summarily dismissed as frivolous, pursuant to 28 U.S.C.A. § 1915A (West 2006).

Boggs pleaded guilty before this court in 2001 in Case No. 2:01CR10045 to possession of a firearm by a convicted felon. On January 30, 2002, he was sentenced to serve 180 months in prison. He did not appeal.

Mandamus relief is available only when the petitioner has a clear right to the relief sought. *First Fed. Sav. & Loan Ass'n of Durham v. Baker (In re First Fed. Sav. & Loan Ass'n of Durham)*, 860 F.2d 135, 138 (4th Cir. 1988). Further, mandamus is a drastic remedy and should only be used in extraordinary circumstances. *Kerr v. U. S. Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976); *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). Under § 1915A, the district court has the authority to dismiss prisoner complaints as frivolous if they are based on an "indisputably meritless legal theory" or "clearly baseless" or "fanciful" factual contentions. *See Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting former version of § 1915(d)).

At the heart of this matter, Boggs is challenging the validity of his confinement under a criminal judgment issued by this court.[1] However, his arguments are

---

[1] Where an inmate's grievance is that he is being unlawfully restrained, habeas corpus is the established legal remedy that he may pursue to challenge such restraint and seek release from illegal confinement. *See Preiser, Comm'r of Corr. Servs. v. Rodriguez*, 411 U.S. 475, 484-86 (1973). A district court is not constrained by a pro se litigant's style of pleading or request for relief and may liberally construe a civil rights complaint as a habeas petition. *Hamlin v. Warren*, 664 F.2d 29 (4th Cir. 1981). Indeed, in Case No. 2:01CR10045 another submission from Boggs has been construed as a motion to vacate, set aside or correct

nonsensical and completely baseless.[2] They fail to provide any ground on which he is entitled to mandamus relief dismissing the criminal indictment or ordering his release. Because his submission is "indisputably meritless," *id.* at 327, I must summarily dismiss his petition without prejudice, pursuant to § 1915A.

A separate Final Order will be entered herewith.

DATED: November 30, 2010

/s/ JAMES P. JONES
United States District Judge

---

sentence, pursuant to 28 U.S.C. § 2255 (West Supp. 2010). Because the present petition is so clearly without merit, however, I cannot find that the interests of justice support construing its claims as arising under § 2255.

[2] Like some other pro se filings in court, Boggs appears to rely on the pseudotheory called "Redemptionism," which holds, among other things, that the United States has no power or jurisdiction over actual human beings, whose names are spelled with initial capital letters, but only over fictitious entities, whose names are spelled out in all capital letters, as in the caption of court documents. Boggs argues that since he is a real human being, unlike WILLIAM BOGGS, the allegedly fictitious entity named in this court's proceedings, those proceedings against him were invalid and must be dismissed. *See United States v. Smith*, No. 1:10MJ00061, 2010 WL 1490363, at *3 n.1 (W.D. Va. Apr. 14, 2010) (describing Redemptionism).